**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS P. URCINOLI,

    Petitioner,

v.

RONALD H. CATHEL, et al.,

    Respondents.

**Hon. Garrett E. Brown, Jr.**

Civil Action No. 05-4776 (GEB)

**O P I N I O N**

**APPEARANCES:**

    LOUIS P. URCINOLI, #00134995C
    New Jersey State Prison
    Trenton, New Jersey 08625-0861
    Petitioner Pro Se

THOMAS F. KELAHER, OCEAN COUNTY PROSECUTOR
ROBERTA DiBIASE, ASSISTANT PROSECUTOR
P.O. Box 2191
Toms River, New Jersey 08754
Attorneys for Respondents

**BROWN, JR.**, Chief Judge

    Louis P. Urcinoli filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Ocean County. Respondents filed an Answer seeking dismissal of the Petition on several grounds, including statute of limitations, 28 U.S.C. § 2244(d). Petitioner filed three Traverses, and a motion to compel Respondents to file and serve additional documents. For the reasons expressed below, the Court dismisses the Petition as untimely, denies Petitioner's motion to compel as moot, and denies a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on December 13, 1996, in the Superior Court of New Jersey, Ocean County, after a jury found him guilty of the purposeful or knowing murder of Nicole Russo on March 12, 1995 ("Count One"); conspiracy to murder B.M., a potential witness in the murder prosecution ("Count Two"); and two counts of attempted murder ("Counts Three and Four"). The Law Division merged Counts Two and Three, and sentenced Urcinoli to an aggregate term of life imprisonment plus 20 years, with a 40-year period of parole ineligibility. Urcinoli appealed. The Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence. State v. Urcinoli, 321 N.J. Super. 519 (App. Div.), cert. denied, 162 N.J. 132 (1999) (table). Urcinoli filed a petition for certification, which the New Jersey Supreme Court denied on September 28, 1999.

On October 22, 1999, Urcinoli filed a pro se notice of motion to file a petition for post conviction relief in the Law Division. In his attached certification, Urcinoli averred that, when he returned to his apartment on March 12, 1995, from the Seven-Eleven convenience store, he found Nicole Russo dead, with a knife sticking out of her neck and her left wrist cut. Urcinoli states that he disposed of the body because he was afraid he would be charged with murder. He avers that, although he told his attorney that he wanted to testify, his attorney advised him that he would be a terrible witness and refused to permit him to testify. Urcinoli contended in his motion for post-conviction relief that he did not receive a fair trial because he was not given the opportunity to testify. He further argued that trial counsel was ineffective because he failed to request a jury charge on the lesser included offenses of murder. In a pro se letter brief submitted to the trial court, Urcinoli argued that trial counsel was ineffective for failing to object to

2

testimony concerning luminol testing of his apartment for blood and failing to properly cross-examine witnesses for the State. After hearing oral argument, the trial court denied the application on April 20, 2000. Urcinoli appealed. In an opinion filed on December 10, 2001, the Appellate Division affirmed denial of the petition for post-conviction relief. On May 22, 2002, the Supreme Court of New Jersey denied the petition for certification. State v. Urcinoli, 172 N.J. 359 (2002) (table).

On August 5, 2002, the Clerk of this Court accepted Urcinoli's first petition for writ of habeas corpus ("first petition") pursuant to 28 U.S.C. § 2254 for filing. See Urcinoli v. Hendricks, Civil No. 02-3813 (GEB) (D.N.J. filed Aug. 5, 2002). The petition raised eight grounds. In an Opinion and Order filed October 31, 2003, this Court dismissed the petition without prejudice as a mixed petition, see 28 U.S.C. § 2254(b), (c), and declined to issue a certificate of appealability. Id. Specifically, this Court determined that the petition was a mixed petition because Petitioner had not presented five of his eight claims to the New Jersey courts as federal claims. See Baldwin v. Reese, 541 U.S. 27 (2004); Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

On December 13, 2003, Petitioner signed his second state petition for post conviction relief. On March 30, 2004, the Law Division denied relief. Petitioner appealed, and in an opinion filed March 1, 2005, the Superior Court of New Jersey, Appellate Division, affirmed the order denying post conviction relief. State v. Urcinoli, Docket No. A-4432-03T1 slip op. (App. Div. March 1, 2005). The Appellate Division rejected Petitioner's claims as follows:

> While defendant's point headings in this brief are not illustrative
> of his arguments, his arguments are totally lacking in substance.
> He claims, as he did in the first PCR petition, that trial counsel

3

> failed to properly investigate and prepare the case prior to trial, but does not articulate any specifics with respect to what could have or should have been investigated and presented, nor does he proffer any evidence that would change the outcome of the trial. He claims that trial counsel was totally unprepared for trial and that counsel's cross-examination was "entirely unfocused and irrelevant." Again, defendant fails to present specifics as to what counsel could have or should have done, or how it would have changed the outcome of the trial. He argues that appellate counsel was also unprepared and inadequately represented him, again without providing specifics.

Id. at p. 7.

On September 12, 2005, the New Jersey Supreme Court denied Petitioner's petition for certification. State v. Urcinoli, 185 N.J. 264 (2005) (table).

On September 29, 2005, Petitioner signed his second § 2254 Petition, which is now before the Court. The Clerk received it on October 5, 2005. The Petition raises eight grounds:

> Ground One: THE TRIAL COURT VIOLATED THE FOURTEENTH AMENDMENT AND ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL ON COUNTS TWO, THREE, AND FOUR BECAUSE NO REASONABLE JURY COULD HAVE CONVICTED HIM OF ATTEMPTED MURDER AND CONSPIRACY TO COMMIT MURDER.
>
> Ground Two: THE WARRANTLESS ENTRY BY POLICE INTO DEFENDANT'S APARTMENT VIOLATED THE FOURTH AMENDMENT AND ALL SUBSEQUENT POLICE SEARCHES WERE THE FRUIT OF THIS CONDUCT.
>
> Ground Three: THE TRIAL COURT'S ADMISSION OF EVIDENCE THAT THE DEFENDANT STOLE A USED CAR WAS IRRELEVANT, UNDULY PREJUDICIAL AND VIOLATED THE FOURTEENTH AMENDMENT.
>
> Ground Four: THE TRIAL COURT'S FAILURE TO SEVER COUNTS TWO, THREE, AND FOUR VIOLATED THE

>  FOURTEENTH AMENDMENT BECAUSE PREJUDICE TO
>  THE DEFENDANT OUTWEIGHED JUDICIAL ECONOMY.
>
>  Ground Five: THE TRIAL COURT'S ADMISSION OF EXPERT
>  DNA TESTIMONY VIOLATED THE FOURTEENTH
>  AMENDMENT BECAUSE THE REPORT WAS NOT
>  PROVIDED TO DEFENSE COUNSEL UNTIL AFTER THE
>  TRIAL BEGAN.
>
>  Ground Six: THE INSTRUCTIONS VIOLATED THE DUE
>  PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
>  BECAUSE THE COURT FAILED TO INCORPORATE
>  EVIDENTIARY FACTS INTO THE CHARGE AND FAILED TO
>  CHARGE THE JURY ON THE LESSER INCLUDED
>  OFFENSES OF AGGRAVATED AND RECKLESS
>  MANSLAUGHTER AND PASSION-PROVOCATION
>  MANSLAUGHTER, WHEN THE EVIDENCE REQUIRED
>  SAME, THUS LIMITING THE JURY'S OPTIONS TO
>  CONVICTION OR ACQUITTAL FOR MURDER ON COUNT
>  ONE.
>
>  Ground Seven: TRIAL COUNSEL WAS CONSTITUTIONALLY
>  INEFFECTIVE FOR REFUSING TO PERMIT DEFENDANT TO
>  TESTIFY, FOR FAILING TO REQUEST INSTRUCTIONS ON
>  THE LESSER INCLUDED OFFENSES TO MURDER, AND
>  FOR PURSUING AN ERRONEOUS OFFENSE THAT NICOLE
>  RUSSO WAS NOT DEAD.
>
>  Ground Eight: TRIAL COUNSEL WAS CONSTITUTIONALLY
>  INEFFECTIVE FOR FAILING TO PROPERLY CROSS-
>  EXAMINE SEVERAL WITNESSES.

(Pet. ¶ 12, Rider C.)

After the filing of the Answer, Petitioner filed a motion to compel Respondent to supplement the record with a copy of his Pro Se Supplemental Brief and exhibits on direct appeal, copies of grand jury testimony, police reports, discovery exhibits, and an itemized list of handwritten notes and correspondence between the prosecutor's office and witness Thomas MacPhee. In a letter dated July 10, 2006, Petitioner inquired as to the completeness of the state

5

court record as it relates to trial transcripts and appendices to various pro se briefs, and asked this Court to order Respondents to furnish him with a copy of the record. Respondents oppose the motion, arguing that transcripts of all state proceedings were filed with the Answer, as well as copies of all briefs in the possession of the Ocean County Prosecutor's Office.

## II. DISCUSSION

A. Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller v. N.J.</u>

6

State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where

extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed September 28, 1999. State v. Urcinoli, 162 N.J. 132 (1999) (table). The statute of limitations therefore could not begin to run before December 28, 1999, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). However, because Petitioner filed his first petition for post conviction relief in the Law Division on October 22, 1999, the limitations period was statutorily tolled from October 22, 1999, until May 22, 2002, the day on which the New Jersey Supreme Court denied certification. State v. Urcinoli, 172 N.J. 359 (2002) (table). The limitations period ran from May 23, 2002, for 365 days until it expired on May 22, 2003. Because Petitioner did not sign his second state post conviction relief petition until December 13, 2003, after the limitations period expired, the limitations period was not statutorily tolled by the filing of the second PCR petition. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

The Court is mindful that Petitioner's first unexhausted § 2254 petition was pending before this Court between August 5, 2002, and October 31, 2003, when it was dismissed without prejudice as a mixed petition. However, this Court holds that the limitations period was not tolled while Petitioner's first § 2254 petition was pending before this Court.

Statutory tolling is unavailable because the United States Supreme Court held in 2001 that the limitations period is not statutorily tolled while an unexhausted § 2254 petition is pending before a federal court. See Duncan v. Walker, 533 U.S. 167 (2001); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); see also Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005) ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Equitable tolling during the time Petitioner's first § 2254 petition was pending is foreclosed by the Third Circuit's ruling in Jones v. Morton, 195 F.3d at 159-60, that, absent extraordinary circumstances, the limitations period is not equitably tolled while a mixed petition is pending before a district court. Jones filed his second § 2254 petition in this Court on March 28, 1995. Id. at 155. The Court dismissed it on July 15, 1996, on the ground that it did not raise a federal claim and, alternatively, for failure to exhaust state court remedies. Id. Jones applied for a certificate of appealability which the Third Circuit denied on January 13, 1997, for failure to exhaust state court remedies. Id. at 156. Jones filed the § 2254 petition at issue on November 3, 1997. Id. The Court dismissed that petition on April 9, 1998, on several grounds, including statute of limitations. Id. The Third Circuit granted a certificate of appealability as to whether the District Court properly dismissed the petition as time-barred and whether Jones was entitled to tolling of the limitations period. Id. at 156. The Third Circuit noted that Jones' prior unexhausted petition was pending before this Court from the date of AEDPA's enactment on

9

April 24, 1996, until February 14, 1997, and that, if Jones were afforded tolling during the pendency of that petition, his present petition would be timely. Id. at 158. After rejecting Jones' statutory tolling argument, the circuit court considered Jones' contention that, in light of his repeated attempts to be heard in federal court, it would not be equitable to bar the current petition as untimely. Id. at 160.

Noting that, "[t]raditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice," id. at 160, the Court held that Jones' "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations," and that he had established "no basis for an equitable tolling of the time during which his second habeas petition was pending in federal court." Id. The Court also rejected Jones' argument that the filing date of the current petition should relate back to the filing date of the second unexhausted petition because, once the prior petitions were dismissed, there was nothing for the third petition to relate back to. Id. The Third Circuit held that, "if a petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action." Id. at 160-61.

The Third Circuit's decision in Jones v. Morton, 195 F.3d at 159-160, precludes this Court from finding that Petitioner's mistaken filing of his first unexhausted § 2254 petition is an extraordinary circumstance warranting equitable tolling during the period that the petition was pending in this Court.[1] Id.

---

[1] See also Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public
(continued...)

The Supreme Court's decisions in Pliler v. Ford, 542 U.S. 225 (2004), and Rhines v. Weber, 544 U.S. 269 (2005), are instructive. In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired. After the limitations period expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims. The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to state court, which summarily dismissed. The petitioner refiled his § 2254 petition in federal court and the district court dismissed the petition with prejudice as untimely under the one-year statute of limitations. The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition. The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner of the option for a stay and without advising the petitioner that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or to advise them of the option of a stay before dismissing a mixed petition without prejudice. Pliler, 542 U.S. at 231-32. The Court expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

---

¹(...continued)
defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

> Respondent reads Rose as mandating that a prisoner be given *the choice* of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court. But Rose requires only that a district court must dismiss . . . mixed petitions, leaving the prisoner with the choice described above. In other words, Rose requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition. But nothing in Rose requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options.

Pliler, 542 U.S. at 233 (citations and internal quotation marks omitted).

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court vacated a judgment of the Eighth Circuit which held that a district court has no authority to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court. Id. at 277. Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," id. at 275, the Court observed that

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Id. at 275.

The Rhines Court held that a district court has the authority to issue stays only where a stay would be compatible with AEDPA's purposes. Id. at 276. The Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are

potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278.

In light of Pliler, Rhines, and Jones v. Morton, this Court holds that the statute of limitations was not equitably tolled while Petitioner's first § 2254 petition was pending before this Court.

In his Traverse, Petitioner appears to argue that equitable tolling is warranted because he is actually innocent of the crime of attempted murder. He bases his claim of actual innocence on discovery exhibits provided by the state during his criminal trial which call into question the testimony of witness Thomas MacPhee. The Third Circuit has not yet determined whether a showing of actual innocence is grounds for equitable tolling, and the circuits are split. See Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005) ("equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate"); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (same); contra David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003); Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002).[2]

Prisoners asserting innocence as a gateway to procedurally defaulted claims must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 126 S. Ct. 2064, 2077 (2006); see also Schlup v. Delo, 513 U.S. 298 (1995); Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002). Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United

---

[2] Cf. In re Dorsainvil, 119 F.3d 245, 248 (3d Cir.1997) ("Were no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent . . . we would be faced with a thorny constitutional issue").

13

States, 523 U.S. 614, 623 (1998). A petitioner must "support his allegations of constitutional error with *new reliable evidence* - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324 (emphasis in original); see also Cristin, 281 F.3d at 420. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324; see also Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir.2000); but see House, 126 S. Ct. at 2086.

Petitioner cannot meet his burden because his claim of actual innocence lacks the threshold requirement of new evidence. It is based on evidence available to him at trial. Because he has no new evidence with which to demonstrate that no reasonable jury would have found him guilty beyond a reasonable doubt, he cannot meet the extremely high burden required for a showing of actual innocence, and equitable tolling on the ground of actual innocence is not warranted. See Knecht v. Shannon, 132 Fed. Appx. 407, 409 (3d Cir. 2005).

To summarize, the one-year statute of limitations expired on May 22, 2003. Petitioner is not entitled to equitable tolling of the limitations period that would render his Petition timely. Accordingly, the Court dismisses the Petition as untimely.[3] 28 U.S.C. § 2244(d)(1).

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[3] The Court denies Petitioner's motion to compel Respondents to supplement the record as moot.

§ 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, denies Petitioner's motion to compel as moot, and denies a certificate of appealability.

GARRETT E. BROWN, JR.
Chief Judge

DATED: August 3, 2006